**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JESSICA LINNA, an individual; on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>TICKET FULFILLMENT SERVICES, LP D/B/A TICKETSONSALE.COM.,<br><br>        Defendant. | **CLASS ACTION COMPLAINT**<br>**--and--**<br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jessica Linna, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action against Defendant, Ticket Fulfillment Services, LP d/b/a Ticketsonsale.com. ("Defendant") for violations of the Michigan Consumer Protection Act §445, *et. seq.*, unjust enrichment, conversion, fraudulent misrepresentation, and breach of contract. In support of this Complaint, Plaintiff avers as follows:

**I. PRELIMINARY STATEMENT**

1. Defendant owns and operates a "secondary market" for event tickets. The market operates primarily through Defendant's website, www.ticketsonsale.com (the "Website").

2. On the Website, sellers list tickets for sale to events such as sporting games and concerts. Buyers can find these listed tickets and purchase them directly through the Website. Defendant charges fees to the buyers and sellers for the use of the services.

3. Beginning on or about March 2020, the Coronavirus Disease 2019 ("COVID-19") pandemic caused stay-at-home orders and extreme social distancing restrictions. As a result,

many arenas and concert venues had to cancel previously scheduled events, including sports games and concerts.

4. Prior to COVID-19, Defendant enticed consumers to use its service by stating that consumers were protected on all orders by their 100% Buyer Guarantee, which among other things, pledged to refund ticket purchases if an even were cancelled.

5. The 100% Buyer Guarantee was unconditional.

6. Upon information and belief, the above 100% Buyer Guarantee was included by Defendant not only as an inducement for consumers to use the service over competitor services, but also as a material term of the purchase along with the date, time and location of the event.

7. Prior to and at the onset of COVID-19, Defendant honored its refund policy as events were cancelled, however shortly thereafter, Defendant changed course and refused to do so.

8. Defendant's refusal to honor its contractual obligation and refund for cancelled events left customers to bare the financial burden, holding tickets for events that were no longer happening on the scheduled date and time.

9. Defendant's actions were done knowing that the change in its behavior would be in breach of its 100% Buyer Guarantee.

10. Defendant's actions were undertaken in intentional disregard of its 100% Buyer Guarantee, for the sole purposes of avoiding any reduction of Defendant's financial resources.

11. Defendant's actions came at a time when its customers were/are financially struggling and could least afford absorbing financial losses.

12. Defendant's conduct not only resulted in no refunds being issued to its customers under the 100% Buyer Guarantee, but also obliterated all value of tickets purchased from

Defendant for an indefinite period of time given the uncertain duration of the COVID-19 pandemic.

13. The company has stated:

Given the magnitude of COVID-19 (Corona Virus), we have had to make many adjustments to how we operate our business. Not only have we refunded thousands of orders, but we are also trying to take care of the incoming calls and emails for new orders for upcoming shows. We are rolling out a new policy that will enable us to stay in business, keep our employees, and give you the customers a chance to see another great event in the future. 120% of your original purchase price will be carried forward and applied to ANY future event over the next 12 months from the issue date. If the future event costs less than your original purchase, we will maintain the balance of your credit to be applied to the next purchase until depleted. **Ticketsonsale.com has taken this step to ensure we can fulfill our current and future obligations while maintaining a business** we have worked very hard to build.

14. Given the current climate and restrictions as a result of COVID-19, there is no guarantee that these type of events will occur within the next (12) months, nor the location of rescheduled events, the time they may occur or even the level of participation of headlining acts and/or participants.

15. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals who were deprived of the benefit of the Defendant's 100% Buyer Guarantee and have been forced to endure the financial burden which resulted from these cancelled events.

16. Defendant's uniform conduct is equally applicable to the class.

## II.     JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

18. This Court has personal jurisdiction over Defendant, which regularly conducts business within the State of Michigan, and thus has significant, continuous, and pervasive

contacts with the State.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and Plaintiff suffered the alleged harm in this district.

### III. PARTIES

20. Plaintiff, Jessica Linna, is a citizen and resident of Plymouth, Wayne County, Michigan

21. Defendant is a corporation with national headquarters located at 4925 Boonsboro Road Lynchburg, Virginia 24503.

### IV. FACTS CONCERNING THE PARTIES

22. On November 9, 2019, Plaintiff bought tickets for a concert scheduled for July 5, 2020.

23. The tickets were purchased through the Website.

24. As a result of said purchase, Plaintiff was charged $538.92.

25. In or around April 2020, Plaintiff was notified that the July 5, 2020 concert would not take place.

26. On May 4, 2020, Plaintiff received an email with her "voucher" to be used within one year.

27. Plaintiff has requested a full cash refund per Defendant's policy but said request was denied.

28. Plaintiff is now left with just a coupon which expires within 12 months and not the refund to which she is entitled.

29. Defendant has received a windfall of cash from consumers that it has neither

returned nor expressed any intention of returning in the future, entitling Plaintiff and other similarly-situated individuals to seek damages for recovery of same.

## V.  CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), b(3).

31. This claim is brought on behalf of a Class consisting of all customers in the state of Michigan who purchased tickets to any event through Defendant were later cancelled as a result of COVID-1 at any point from March 13, 2020 until that notice of this class action is disseminated to the Class and have not been provided a refund.

32. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of the Defendant's immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitations to particular issues, as discovery and the orders of this Court warrant.

34. The identities of all class members are readily ascertainable from the Defendant's records.

35. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

36. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any

interests which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. Numerosity: Under Rule 23(a)(1), Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable. The total number of members of the proposed Class is greater than 100 and exceeds the number required for jurisdiction under 28 U.S.C. § 1332(d)(2) and (d)(5)(B). Given the thousands of event cancellations made as a result of COVID-19, that number greatly exceeds the number to make joinder possible. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

    b. Common Questions Predominate: Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to, whether Defendant has refused to offer refunds and whether it has breached its contract with its customers or otherwise acted unlawfully.

    c. Typicality: The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was charged fees and suffered losses. Plaintiff and all Class Members have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. Adequacy: The Plaintiff will fairly and adequately protect the interests of the class

members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

e. Superiority: The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

40. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

41. Defendant and Class Members, including Plaintiff, entered into valid contracts for Defendant with respect to purchases made of Defendant's website.

42. Defendant's services carried with it the obligation to refund all consideration paid by Plaintiff and Class Members should events be cancelled as a result of unforeseen world events, specifically the COVID-19 Pandemic.

43. Plaintiff and the Class Members purchased tickets for events with the Defendant in reliance that cancelled events would entitle them to a full refund.

44. Defendant breached its obligations owed to Plaintiff and Class Members by failing after-the-fact to provide a full refund for events cancelled because of the COVID-19 Pandemic.

45. As a result of Defendant's failure to perform the contract, Plaintiff and other Class Members have been damaged and did not receive the paid for benefits, refund, and/or performance to which they each and all were entitled.

46. As a result, Plaintiff and the Class Members are entitled to fair compensation in the form of full refunds for all tickets, fees, taxes, and interest that Defendant charged and/or

collected.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

47. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

48. Defendant has benefitted from its unlawful acts by retaining the payments used to purchase event tickets which have been cancelled. Retentions of those monies under these circumstances is unjust and inequitable.

49. Because Defendant's retention of the non-gratuitous benefits conferred by Plaintiff and other members of this Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## THIRD CAUSE OF ACTION
## CONVERSION

50. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

52. Defendant had wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiff and members of the class by customers with cancelled events to a coupon which must be used within one (1) year while Defendant has unlawfully retained the monies Plaintiff and the Class Members paid for tickets for cancelled events.

53. Defendant deprived Plaintiff and the other members of the Class of the value they paid for the tickets on cancelled events as well as their right to a refund.

54. Plaintiff and members of the Class have requested and/or demanded that Defendant issue refunds for cancelled events.

55. This interference with the rights and services for which Plaintiff and the members of the Class paid damaged Plaintiff and the members of the Class, in that they purchased tickets, and, as such, Defendant has deprived Plaintiff and members of the Class of the right to their property, in this case, the amounts paid for tickets for cancelled events.

56. Plaintiff and members of the Class are entitled to a refund of the full amount paid for tickets for cancelled events.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

57. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

58. Defendant represented to Plaintiff that if they purchased tickets through the Website, they would be able to get a refund if that event was cancelled.

59. Defendant's representation were not true.

60. Even if Defendant believed that the representation was true they had no reasonable grounds for believing it was true when they made it given the potential for widespread cancelled for any number of foreseeable circumstances.

61. Defendant intended that Plaintiff and the Class Members would rely on their representations so they would use the Website to buy tickets.

62. Plaintiff and the Class Members reasonably relied on Defendant's representations in using and making purchases on the Website.

63. As a result, Defendant financially harmed Plaintiff and Class Members, causing damages.

## FIFTH CAUSE OF ACTION
### UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF
### MICH. COMP. LAWS §§ 445, *et seq.*

64. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

65. Defendant's conduct constitutes unlawful business acts or practices under Michigan's Consumer Protection Law §445, et seq.

66. Defendant's business practices are unlawful because, as detailed above, they constitute (1) breach of contract between Plaintiff and Class Members and Defendants, (2) conversion, (3) unjust enrichment, and/or (4) negligent misrepresentations.

67. As a result of Defendant's unlawful business acts and practices, Plaintiff and Class Members suffered injury in fact and lost money or property.

68. Plaintiff requests that the Court issue sufficient equitable relief to restore Class members to the Position they would have been in had Defendant not engaged in unlawful business practices and/or unfair competition, including by ordering restitution of all funds that Defendant may have acquired as a result of these practices and an injunction prohibiting further denial of refunds.

## SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES IN VIOLATION OF
### MICH. COMP. LAWS §§ 445, *et seq.*

69. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

70. Defendant's conduct constitutes unfair deceptive business acts or practices under Michigan's Consumer Protection Law §§ 445, *et seq*.

71. It is a violation of Michigan's Consumer Protection Laws to make a

representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

72. Defendant made the representation that Plaintiff and Class Members would receive a refund if the event to which they purchased tickets was cancelled.

73. This representation was material in Plaintiff and the Class Member's decision to purchase tickets thorough the Website.

74. Plaintiff and the Class Members reasonably believed they would receive refunds to cancelled events.

75. Plaintiff and the Class Members did not receive refunds.

76. The actions of Defendant entitle Plaintiff and other Class Members to a full refund of all consideration paid, plus interest and attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members request that the Court enter and order or judgment against Defendant including:

1) A certification of the action as a class action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representative, and appointment of his counsel as Class Counsel;

2) Damages and refunds in the amount of all consideration paid, in cash, for tickets purchased through Defendant;

3) Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited;

4) Pre-judgement and post-judgement interest on such monetary relief;

5) Injunctive relief, including an order enjoining Defendant from retaining refunds for cancelled events;

6) The cost of bringing this suit, including reasonable attorney's fees; and

7) All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Dated: 08/14/2020

By: */s/ Amy L.B. Ginsburg*
*Amy L.B. Ginsburg, Esq.*
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 267-468-7660
Email: teamkimmel@creditlaw.com

*Attorneys for Plaintiff, Jessica Linna, and all others similarly situated*

`